IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BILLY JOE DENHAM, JR.                                                         PLAINTIFF

v.                      Civil No. 4:09-cv-04094

DAVID STINSON, Narcotics
Investigator, Howard County,
Arkansas                                                              DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Billy Joe Denham, Jr., pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's *in forma pauperis* application be denied and his Complaint be dismissed.

### Background

According to the allegations of the complaint, on October 31, 2008, Plaintiff was pulled over by David Stinson (hereinafter Stinson), a narcotics investigator, in Howard County, Arkansas. Stinson "took" Plaintiff's cell phone. Plaintiff was then incarcerated in the Nashville, Arkansas, at the Howard County Jail. When Plaintiff was transferred to the Hempstead County Detention Facility, he states his cell phone was not transferred with him.

Plaintiff attached to the complaint a grievance dated July 11, 2009, in which he states he was transferred to Hope without his cell phone. In response, Lt. Godbolt contacted Howard County. Lt.

Godbolt informed Plaintiff: "the jail stated that you had call before & after 30 days your property has been destroyed."

On July 12th, Plaintiff submitted another grievance stating he had been incarcerated since he had been arrested by Stinson. In Plaintiff's opinion the jail was responsible for his property and the thirty day rule didn't apply. In response, Lt. Godbolt stated that he had called Nashville and was told Plaintiff's property had been taken for evidence.

## Discussion

The Plaintiff is an inmate of the Hempstead County Detention Facility in Hope, Arkansas. Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff indicates he has no source of income and no assets. The records from the detention facility show his monthly balance averaged less than six dollars. The information

supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

I turn to an examination of the claim asserted by Plaintiff. Here, Plaintiff contends Stinson unlawfully deprived him of his personal property, the cell phone. The Supreme Court has held that negligent conduct is insufficient to state a cause of action under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986). *See also Sellers by and through Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir.1994)(Inadvertence, negligence, or even gross negligence is insufficient to state a claim under § 1983). Thus, when personal property is lost through negligent conduct, no cause of action exists under § 1983. To the extent the complaint can be read to allege Plaintiff was deprived of his property through Stinson's negligent conduct, Plaintiff's claim lacks any arguable basis in law and is subject to dismissal.

When an individual is intentionally deprived of his personal property, the Supreme Court has held that Due Process is satisfied if the individual has adequate state post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)(intentional deprivation of property does not violate Due Process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994)(intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy). Arkansas recognizes a cause of action for conversion, *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). As conversion is an intentional tort, *Ford Motor Credit Co. v. Herring*, 267 Ark. 201, 589 S.W.2d 584 (1979), the statutory immunity granted to local governments and extended to their employees does not apply. *See Battle v. Harris*, 298 Ark. 241, 766 S.W.2d 431

(1989). Plaintiff therefore has an adequate post-deprivation remedy that satisfies Due Process. This claim fails.

Moreover, the Arkansas Rules of Criminal Procedure provide a method for filing a motion for return of seized property. Ark. R. Crim. P. 15.2. If the cell phone was used as evidence in a criminal prosecution, Plaintiff would need to challenge the use in the appropriate state court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)(a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

## Conclusion

Accordingly, it is the recommendation of the undersigned that Plaintiff's request to proceed *in forma pauperis* (Doc. 3) be denied and Plaintiffs' Complaint be dismissed with prejudice. The claims asserted are frivolous and fail to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of October 2009.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE